## WICK LUMBER CO v MITCHELL et

Ohio Appeals, 1st Dist, Butler Co

No 598.   Decided Nov 9, 1933

Mr. Harry J. Koehler, Jr., Hamilton, for plaintiff.

Baden & Fiehrer, Hamilton, for defendant.

GUERNSEY, J, (3rd Dist) sitting by designation.

## OPINION

By ROSS, J.

This is a proceeding on appeal from the Court of Common Pleas of Butler County.

The controversy involves the priority of the liens claimed by the plaintiff and The Miami Savings and Loan Company.

, The lien claimed by the plaintiff is based upon materials alleged to have been furnished one Robert Mitchell, for the building and remodeling of a house.

The dispute revolves itself about the last item of the account consisting of ten sacks of cement, which it is claimed were delivered Sunday, October 14, 1928. As the trial was had on May ·19, 1933, the memory of the witness is strained, to say the least.

The delivery it is stated by the witnesses for the plaintiff was made to Ernest Conrad, who became the son-in-law of the owner, September 29, 1928. Conrad worked on the house, admitted that the signature upon the receipt for the ten sacks of cement in question was his signature, and denied that he ever got anything from the plaintiff except plastering lath, which was to be used on a chicken yard fence. He positively denies getting the cement and stated he positively knew no such quantity of cement was used on the premises after his return from his honeymoon.

Mildred Wick, bookkeeper for plaintiff stated that Conrad came for the cement, and signed the order blank, that she thought Mitchell had called up and ordered the cement delivered to Conrad. She did not see him get it or take it way—as she was in the office, and that the office is usually not open on Sunday. Her whole testimony is predicated upon the ordinary inference

to be drawn from the signature of Conrad upon the receipt or order form.

There is no evidence to show that the material was delivered at the building or went into its construction. While the method or means of delivery are not important, delivery at the building or incorporation of the material in the structure must be shown. **26 Ohio Juris., p. 819, §97.**

We therefore conclude that the plaintiff has failed to sustain by the necessary degree of proof that the last item of the account was furnished the owner within the meaning of §§8310 and 8314, GC, and we find adversely to the claim of the plaintiff for a lien, the affidavit not having been filed within 60 days of the furnishing of the last item of the account.

Decree accordingly.

HAMILTON, PJ, and GUERNSEY, J, concur.